1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JUAN VILLEGAS,                                  CASE NO. 03 CV 2133

12                                   Plaintiff,      **ORDER DENYING**
                                                     **DEFENDANTS' MOTION FOR**
13              vs.                                  **LEAVE TO FILE THIRD-PARTY**
                                                     **COMPLAINT**
     ERIC HACKETT, an individual, and CITY
14   OF CALEXICO,

15                                   Defendants.

16

17          In this non-prisoner § 1983 action, Plaintiff Juan Villegas alleges several state and federal civil

18   rights claims against Eric Hackett and the City of Calexico.  Defendants now move under Federal

19   Rules of Civil Procedure Rule 14(a) for leave to file a third-party complaint seeking indemnification

20   from the County of Imperial ("the County").  The proposed third-party complaint ("TPC") is attached

21   as an exhibit to Defendants' motion.  Plaintiff filed a timely opposition to which Defendants replied.

22   For the reasons set forth below, the court hereby **DENIES** the motion.

23   **I.      BACKGROUND**

24          Plaintiff's claims arise out of the arrest of Villegas at his home in Calexico on December 3,

25   2002.  The court fully set forth the undisputed facts in its January 24, 2005 order granting partial

26   summary judgment in favor of Plaintiff on two of his claims.  (See Docket no. 44 at 2-3.)   That

27   statement of facts is incorporated herein.

28          Plaintiff filed his complaint on October 29, 2003. Defendants answered on December 5, 2003.

                                                    - 1 -                                         03cv2133

1    In its January 24, 2005 order, the court granted partial summary judgment for Plaintiff on his state law

2    claim for false arrest (claim no. 4) and his federal claim for unreasonable seizure (claim no. 7).  The

3    court also found that defendant Hackett was not entitled to qualified immunity.

4          Defendants filed an interlocutory appeal, and this court stayed the action pending appeal on

5    April 5, 2005.  (Docket no. 73.)  In a memorandum decision filed March 19, 2007, the Ninth Circuit

6    affirmed the grant of summary judgment on the § 1983 claim and the finding that Hackett was not

7    entitled to qualified immunity.  (Docket no. 89, Exh. 1.)  The Ninth Circuit also dismissed the appeal

8    as to the state-law claim and remanded the case back to the district court.  The remaining claims now

9    include three § 1983 claims against Hackett alone, and three state-law claims against both Hackett and

10   Calexico.  The case is set for trial on February 19, 2008.

11   **II.     DISCUSSION**

12         Defendants move under Federal Rules of Civil Procedure ("FRCP") Rule 14(a).  They argue

13   that the County should indemnify them for any liability.  They claim that, when Hackett arrested

14   Plaintiff, Hackett relied on "stale" and "erroneous" information from the County which "did not

15   support probable cause."  (Memo. of P. & A. in Supp. of Motion ("Motion") at 3.)  Because Hackett

16   relied on this "negligently obtained, negligently maintained, mistaken and erroneous information,"

17   Defendants claim entitlement to indemnification from the County.

18         Plaintiff opposes the motion on a number of grounds.  The main theme of his argument is that

19   Defendants waited far too long to bring this complaint.

20         **A.     Legal Standards**

21         Under FRCP Rule 14(a), a defendant seeking to file a third-party complaint more than ten days

22   after serving the original answer must obtain the court's permission.[1]  The crucial characteristic of a

23   Rule 14(a) claim is that the original defendant seeks to transfer some or all of its potential liability to

24   a third party.  United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983), cert.

25   denied, 464 U.S. 1071 (1984).  Thus, a defendant can only implead a third party where the defendant

26

27         [1]The FRCP were amended on December 1, 2007.  The amendments to Rule 14 made no
     substantive changes.  The amended text of the rule provides, in pertinent part, "A defending party
28   may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable
     to it for all or part of the claim against it."  FRCP Rule 14(a)(1).

1  asserts a claim "derivatively based on the original plaintiff's claim."  One 1977 Mercedes Benz, 708

2  F.2d at 452.

3         The court has substantial discretion in deciding whether to allow a third-party claim under

4  Rule 14(a).  Southwest Adm'rs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (citing,

5  inter alia, One 1977 Mercedes Benz, 708 F.2d at 452).  In making this determination, the court must

6  balance the benefits afforded by liberal third-party practice, including "'the desire to avoid circuity

7  of actions and to obtain consistent results[,] against any prejudice that the plaintiff might suffer from

8  complications of the case.'"  Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quoting

9  Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 439 (3d Cir. 1971), cert. denied,

10  405 U.S. 1017 (1972)).  The court should consider the following factors: "(1) prejudice to the original

11  plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the

12  motion to implead."  Irwin, 94 F. Supp. 2d at 1056; see also Southwest Adm'rs, 791 F.2d at 777

13  (affirming denial of impleader application where impleader would "disadvantage the existing action"

14  by complicating and lengthening trial).

15         **B.      Analysis**

16         Plaintiff argues that the TPC would cause him a great deal of prejudice due to Defendants'

17  delay in requesting to file the TPC.  (Oppo. at 3-4.)  He claims he would suffer prejudice because the

18  County would inevitably request and rightfully receive a continuance of the trial date, which he has

19  awaited for four years.  He also argues that Defendants failed to offer a valid excuse for pursuing the

20  TPC nearly four years after Plaintiff's original complaint, especially since Defendants allegedly knew

21  about the County officer's role in the incident from the start of the case.

22         Defendants claim that the TPC would cause no prejudice to Plaintiff or the County.  (Motion

23  at 305.)  They state that including the County would neither delay the trial nor make it more

24  protracted.  They claim that the case does not involve complex facts, the discovery already conducted

25  will be available to the County, and the trial will already necessarily involve the facts relevant to the

26  County's liability.  They also claim that the County would not suffer prejudice because it has had

27  notice of the potential case against it since the May 25, 2004 deposition of Officer Duran.

28         Having considered the parties' arguments, the applicable authorities, and the pertinent factors

1    to be weighed, the court denies the motion for leave to file the TPC. See Irwin, 94 F. Supp. 2d at

2    1056.  The first factor, that of prejudice to the original plaintiff, weighs heavily in Plaintiff's favor.

3    More than four years have passed since the inception of the case.  Plaintiff already has received

4    summary judgment on two of his claims, upheld by the Ninth Circuit.  This matter is nearly ready for

5    trial.  A continuance of the trial at this point would only extend what has become an inordinate

6    passage of time between the filing of this action and trial.  This court sees no justification for

7    memories of witnesses to further fade and justice to be delayed.  Turning to the second factor,

8    complication of issues at trial, there is no question that, although the underlying factual matrix of the

9    case is relatively straightforward, folding into the equation the potential liability of the County would

10   complicate the case.  Substantial evidence relating to the County's generation and maintenance of

11   criminal information would be adduced as well as how information regarding Plaintiff's brother was

12   maintained and ultimately utilized in this case.  It is conceivable experts could be called on the

13   reasonableness of these issues.  Moreover, it is foreseeable various immunities of the California Tort

14   Claims Act (Cal. Gov. Code § 800, et seq.) would be advanced by the County.  In sum, Defendants'

15   argument that the case would not be complicated by bringing in the County at this juncture is an

16   attempt to hide an elephant in a mousehole.  The second factor also weighs heavily in favor of

17   Plaintiff.  The third factor, continuance of trial, is a certainty if the TPC is filed and all issues are tried

18   at one time.  This factor also weighs in favor of Plaintiff.  Finally, as to timeliness of the instant

19   motion, there is little doubt Defendants could have filed many months earlier and, conceivably, shortly

20   after the March 2007 affirmance by the Ninth Circuit.

21            In sum, a consideration of all relevant factors strongly counsels against a grant of Defendants'

22   motion.  The court therefore denies leave to file the TPC.[2]

23            In so holding, the court expresses no opinion about the merits of the proposed indemnification

24   claim. While the parties' briefs touched on the issue of viability, that issue is not now before the court.

25   Accordingly, the court does not decide the extent to which the California Tort Claims Act and its

26   _____

27            [2]Defendants suggest that the court has the option to bifurcate the trial under FRCP Rule 42(b)
     "should the County challenge the pleading or take any action which reasonably delays the trial of this

28   case and if prejudice be found." (Reply at 2.)  This argument concedes that, if included, the County
     may well take action that complicates and delays the trial.  Because adding the County and then
     bifurcating does not promote efficiency in resolving this case, the court rejects Defendants' argument.

1   claim-presentation requirement applies to the proposed claim for indemnification from the County.

2   Nor does the court rule on the applicability of the two-year statute of limitations established in

3   California Code of Civil Procedure § 335.1.  (See Oppo. at 4-5; Reply at 3-6.)

4   **III.     CONCLUSION**

5          For the foregoing reasons, the court hereby **DENIES** Defendants' motion for leave to file a

6   third-party complaint, without prejudice to any future claim for indemnification properly raised in a

7   separate state or federal action.

8          **IT IS SO ORDERED.**

9   **DATED:  December 5, 2007**

10  _____

    **Hon. Jeffrey T. Miller**
11  **United States District Judge**

12  CC:          All parties

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28